[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13928
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00335-CB-N

ANLANDO MCMILLIAN,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL,
U.S. POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 29, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Anlando McMillian, proceeding *pro se*, appeals the district court's denial of

his motion for summary judgment and grant of summary judgment in favor of the

Postmaster General, United States Postal Service (the "Postmaster") in

McMillian's employment discrimination and retaliation suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16.  Upon a thorough review of the record and consideration of the parties' briefs, we affirm.

I.

McMillian, a letter carrier for the United States postal Service ("USPS"), claims that a USPS manager, Leander Harris, sexually harassed him.[1]  During his break, McMillian had parked his postal truck in front of a Mobile, Alabama restaurant and was talking to a female friend when Harris drove up behind McMillian's truck, parked, and spoke to him.  McMillian did not know who Harris was until Harris produced a badge showing he was a USPS manager.  While giggling, snapping his fingers, and looking between McMillian and his friend, Harris told McMillian several times to "pop [his] trunk."  Both McMillian and his female friend understood this phrase to be sexual in nature.  McMillian contends that Harris's comment was meant to humiliate him and was in retaliation for McMillian's work as a union representative, assisting other employees in filing discrimination charges against Harris.

McMillian filed with the Equal Employment Opportunity Commission a formal complaint of harassment, which was dismissed for failure to state a claim.

---

[1] We view the evidence in the light most favorable to McMillian on defendant the Postmaster's motion for summary judgment.  *See Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

He then filed in the district court a complaint that the court liberally construed as alleging claims of a sexually hostile work environment and retaliation under Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a)(1).  After conducting discovery, the parties filed cross-motions for summary judgment.  Upon the magistrate judge's recommendation, the district court granted the Postmaster's motion and denied McMillian's, concluding that McMillian failed to state a prima facie case of sexual harassment.  As regards the sexually hostile work environment claim, the court held that McMillian failed to come forward with evidence showing the harassment was based on his sex and, in any event, the isolated incident was insufficiently severe or pervasive to alter the terms and conditions of his employment.  As regards the retaliation claim, the court held that McMillian failed to show he suffered a materially adverse action.  For these reasons, the court dismissed McMillian's complaint.  This appeal followed.

## II.

On appeal, McMillian challenges the district court's dismissal of his sexual harassment and retaliation claims.  "We review *de novo* the district court's grant of summary judgment, construing the facts and all reasonable inferences therefrom in favor of the nonmoving party." *Ezell v. Wynn*, 802 F.3d 1217, 1222 (11th Cir. 2015).  "Summary judgment is appropriate where the record gives rise to 'no

genuine dispute as to any material fact,' such that 'the movant is entitled to judgment as a matter of law.' " *Id.* (quoting Fed. R. Civ. P. 56(a)).

## A.

The district court properly granted the Postmaster's motion for summary judgment and denied McMillian's as to his sexual harassment claim. Title VII protects federal government employees from discrimination on the basis of sex. 42 U.S.C. § 2000e-16. Where, as here, the plaintiff does not allege he was subjected to a tangible employment action, he may establish a viable sexual harassment claim only by showing he was subjected to a hostile work environment. *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1245 (11th Cir. 2004). To prove a hostile work environment under Title VII based on unwelcome sexual harassment, McMillian must show:

> (1) that he . . . belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (en banc) (internal quotation marks omitted). As the district court correctly held, McMillian's claim fails at least on the third and fourth elements.

McMillian failed to submit evidence that the alleged harassment was "based on" his sex. To prevail on his hostile work-environment claim, McMillian must "prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discrimina[tion]*. . . because of . . . sex.'" *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 81 (1998) (quoting 42 U.S.C. § 2000e-2(a)(1)). Even assuming that Harris's comment was sexual in nature, there is no evidence upon which a reasonable jury could find that the comment constituted discrimination because McMillian was male.[2]

In addition, the isolated comment was insufficiently severe or pervasive to alter the terms and conditions of McMillian's employment. To prove a hostile work environment, a plaintiff must establish that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). The severe and pervasive element has both a subjective and objective component. *Reeves*, 594 F.3d at 809. "The employee must subjectively perceive the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective

---

[2] "[N]othing in Title VII necessarily bars a claim of discrimination because of sex merely because the plaintiff and the defendant . . . are of the same sex." *Oncale*, 523 U.S. at 79 (quotation marks omitted) (alteration adopted). It is well-established that sexual harassment can occur between members of the same sex.

5

perception must be objectively reasonable." *Id.* (internal quotation marks omitted). We assume that McMillian subjectively perceived the harassment as sufficiently severe and pervasive to alter the terms of his employment; thus, we consider only whether that perception was objectively reasonable. "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Oncale*, 523 U.S. at 81 (internal quotation marks omitted).

"In evaluating allegedly discriminatory conduct, we consider its 'frequency; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " *Reeves*, 594 F.3d at 808-809 (quoting *Harris*, 510 U.S. at 23) (alteration adopted). One isolated incident of sexually inappropriate behavior will not amount to actionable sexual harassment unless the incident is "extremely serious." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Harris's one-time, ambiguous comment was insufficiently severe to amount to actionable sexual harassment. Although McMillian and his friend both were offended by Harris's conduct, the phrase "pop your trunk," even if sexual in nature, was not "extremely serious" so as to support a sexual harassment claim. *Cf. Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245-51 (11th Cir. 1999) (en banc) (collecting cases involving conduct more severe and more frequent than conduct at

issue here, in which courts rejected sexual harassment claims).  McMillian

presented no evidence that the comment was anything more than a "mere offensive

utterance" and no evidence that the comment interfered with his job performance.

*Reeves*, 594 F.3d at 808.  Thus, the district court did not err in dismissing his

hostile work environment claim.

## B.

The district court also properly granted the Postmaster's motion for

summary judgment, and denied McMillian's, on the retaliation claim because

McMillian failed to present evidence of an adverse employment action.  Title VII

prohibits retaliation against an employee because the employee "has made a

charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  "To

establish a prima facie case of retaliation under Title VII, a plaintiff must show that

(1) he engaged in statutorily protected expression; (2) he suffered an adverse

employment action; and (3) there is some causal relation between the two events."

*Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (internal

quotation marks omitted).  Thus, absent evidence of an adverse employment

action, McMillian cannot prevail on his retaliation claim.  The record contains no

evidence of an adverse employment action.  Although a plaintiff may satisfy the

adverse employment action requirement by showing a sufficiently severe and

pervasive hostile work environment, *Gowski v. Peake*, 682 F.3d 1299, 1311-1312 (11th Cir. 2012), as explained above, the record does not support such a finding here.  Accordingly, the district court did not err in granting the Postmaster's motion for summary judgment on McMillian's retaliation claim.

**AFFIRMED.**